**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

NOV - 9 2001

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GLORIA COTTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | 1:01-CV-00371 |
| GOLDEN CORRAL CORPORATION | § | (Cobb) |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **GLORIA COTTON**, complaining of Defendant, **GOLDEN CORRAL CORPORATION, individually and d/b/a Golden Corral Restaurant,** and for cause of action would show unto the Court and Jury the following:

I.

Plaintiff, **GLORIA COTTON**, is a resident citizen of Orange County, Texas.

Defendant, **GOLDEN CORRAL CORPORATION, individually and d/b/a GOLDEN CORRAL RESTAURANT,** is an entity doing business in the State of Texas. This Defendant has answered and appeared herein.

II.

On or about July 8, 1999, Plaintiff was a patron of the Golden Corral Restaurant located at 4145 College Street, Beaumont, Texas. While in the restaurant, a waitress named Connie Duff working at the Golden Corral Restaurant, negligently dropped a tray of dishes on the Plaintiff's foot causing serious nerve damages to her left foot.

The Plaintiff had a surgery on her left foot on May 4, 1999 and was recovering from that surgery when this incident occurred at Golden Corral. This July 8, 1999 incident at the Golden Corral Restaurant has further injured the Plaintiff's left foot and/or aggravated her prior condition.



As a result of this incident, Plaintiff now suffers from a nerve injury associated with neurapraxia and compression on her left foot, such symptoms were not present after her May 4, 1999 surgery. Subsequently, Plaintiff was required to undergo a second surgery on her left foot on August 8, 2000.

### III.

At all material times, Defendant, Golden Corral Corporation was the owner of the Golden Corral Restaurant and had actual and/or constructive control of the premises at the time of the incident in question. The waitress who dropped the dishes on the Plaintiff's foot was acting within the course and scope of her employment with the Defendant herein.

### IV.

Plaintiff would show that the Defendant, Golden Corral Corporation, individually and d/b/a Golden Corral Restaurant, through its agents, employees, servants and/or representatives, was guilty of the following acts of negligence and that each such act and/or omission, singularly or in combination with others, constituted negligence and/or gross negligence, which proximately caused the serious and disabling injuries to the Plaintiff, which include at least one or more of the following particulars:

1. In failing to provide a safe place for the Plaintiff to dine;

2. In failing to supervise and/or adequately supervise its employees so that customers would not be injured;

3. In failing to train and/or adequately train its employees so that customers would not be injured;

4. In allowing its employees to carry too many dishes at a time;

5. In failing to warn the Plaintiff that Defendant's employees would be dropping dishes on her foot, or that there would be falling dishes in the restaurant;

6. In failing to exercise ordinary care to insure that customers would not be injured by falling dishes and/or its employees;

7. In failing to provide proper and adequate instruction to its employees and/or servants as to the method of carrying the dishes and/or bussing tables so that customers would not be injured.

8. In failing to implement safety policies and/or procedures to insure that customers would not be injured by falling dishes and/or its employees;

9. In failing to train or adequately train personnel as to the proper operation of the restaurant question;

10. In failing to adequately plan and supervise so as to reduce the risk of injury;

11. In failing to promulgate safety practices, rules and regulations for the safety of its customers;

12. In failing to enforce proper safety standards and practices or to adopt measures to enforce compliance with safety program;

13. In failing to make a written assignment of authority and responsibility related to customers' safety;

14. In failing to issue safe operation methods and procedures;

15. In failing to establish and follow authoritative guidelines related to the control of foreseeable hazards to its customers;

16. In failing to establish, develop and/or conduct management, supervisor and/or worker training programs related to proper operation safety requirements;

17. In failing to establish a formal means and in failing to periodically audit and/or monitor management performance and/or safety program content and/or effectiveness;

18. In failing to have an adequate accident prevention program; and

19. In negligently allowing the dishes to fall on the Plaintiff's foot and injuring the Plaintiff.

3

Singularly and collectively, the above and foregoing acts and/or omissions were and are a proximate cause of Plaintiff's injuries and damages, and were and are committed and/or omitted by the Defendant, its vice principals, representatives, agents, servants and/or employees acting within the course and scope of actual and/or apparent authority.

V.

Plaintiff would further show that at all times material to this cause of action, the vice-principals, agents, officials, servants, and/or employees of the Defendant, Golden Corral Corporation were acting within the course and scope of their employment for the Defendant herein, and the Defendant is liable under the doctrine of *respondeat superior* for all the acts of negligence and fault alleged against Defendant's vice-principals, agents, servants, and/or employees.

VI.

As a direct and proximate result of the Defendant's wrongful acts and/or omissions, Plaintiff has sustained injuries and damages which exceed the minimum jurisdiction of this Court. As a direct and proximate result of the above-described acts of negligence by the Defendant, Plaintiff has sustained the following injuries and damages:

1. Reasonable and necessary medical expenses, past and future;

2. Physical incapacity, past and future;

3. Physical pain and mental anguish, past and future;

4. Physical impairment and incapacity, past and future;

5. Loss of enjoyment of life, past and future; and

6. Personal inconvenience, past and future.

VII.

Plaintiff would show the Court that at all time material herein, and prior to the occasion in question, she was in reasonably good health, with a reasonable life expectancy of 27 years and a work life expectancy of 10 years, according to the Lifetables of the U.S. Department of Health and Human Services.

VIII.

Pleading further, Plaintiff denies that she was suffering from any pre-existing disease or condition at the time of the incident made the basis of this suit. Alternatively, Plaintiff would show that if she was suffering from any pre-existing disease or condition which could be said to have contributed to the injuries and damages herein alleged, then same was not disabling until aggravated, excited, and otherwise caused to flare up as a natural consequence of the Defendant's negligence.

IX.

Further, the Defendant's conduct as aforesaid was of such a character as to make Defendant guilty of gross negligence and/or malice. The Defendant's actions were carried out with a flagrant disregard for the rights of the Plaintiff and others and with actual awareness on the part of the Defendant that the act will, in reasonable probability, result in great bodily harm and/or property damage. Plaintiff is entitled to recover exemplary damages in such an amount as may be found to be proper under the facts and circumstances, but in any event not less than the statutory minimum.

X.

All allegations are pled in the alternative and Plaintiff reserves the right to amend.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, that upon final trial or other hearing of this cause, Plaintiff have damages as the jury deem her deserving, pre-judgment interest as allowed by law, costs of court incurred to be paid by the Defendant, interest on the judgment at the legal rate, and for such other and further relief to which Plaintiff might be justly entitled and would in duty bound forever pray.

Respectfully submitted,

LAW OFFICES OF GILBERT T. ADAMS P.C.
1855 Calder Avenue at Third
P. O. Drawer 3688
Beaumont, Texas  77704
Phone: (409) 835-3000
Fax: (409) 832-6162

BY: _____
GILBERT T. ADAMS
State Bar No. 00893000

ATTORNEY IN CHARGE FOR PLAINTIFF

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been furnished to all counsel of record in accordance with Federal Rules of Civil Procedure on this the 8th day of Nov., 2001.

Mr. John S. Morgan
Snider & Morgan, L.L.P.
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, TX  77706

_____
GILBERT T. ADAMS